**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CARDS AGAINST HUMANITY, LLC,**<br><br>　　　　Plaintiff,<br><br>　v.<br><br>**LOFTEK TECHNOLOGICAL CO., LLC,** *et al.*,<br><br>　　　　Defendants. | Case No.: 13-CV-0727 YGR<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT; GRANTING IN PART AND DENYING IN PART MOTION FOR ADMINISTRATIVE RELIEF CONTINUING PRETRIAL DEADLINES** |

　　　　Plaintiff Cards Against Humanity, LLC ("CAH") manufactures and sells an eponymous, "politically incorrect" party game. CAH alleges that the defendants named in this action participated in a scheme to sell counterfeit versions of the game in secondary marketplaces including Amazon.com and eBay.com. CAH's Complaint asserts three claims: (1) copyright infringement, (2) common-law trademark infringement, and (3) unfair competition under California Business and Professions Code section 17200. (Dkt. No. 1 ("Complaint").) CAH prays for injunctive relief, impoundment or destruction of the accused products, an accounting, disgorgement, statutory damages of at least $600,000, compensatory damages, punitive damages, and attorney fees and costs. The Complaint names three business entities as defendants (Loftek Technological Co., LLC, Kratonix, Inc., and Loftkey Technological Co., LLC), as well as two natural persons (Yang Shao and Troy James Nowak).

　　　　Now before the Court are two motions filed by CAH: (1) for leave to file a first amended complaint which adds another named defendant, Shengkai (Scott) Chen, and (2) for administrative relief in the form of two-month extension of all pretrial and trial dates, necessitated, CAH contends,

by its need to engage in significant discovery regarding Chen.  (Dkt. Nos. 47 (Motion for Leave to Amend ("LTA Mot.")), 48 (Motion for Administrative Relief ("Admin. Mot.")).)  The motions are opposed by all defendants but Nowak, who has not appeared in this action.  The motions are fully briefed.  (Dkt. Nos. 52 ("Opp'n to Admin. Mot."), 54 ("Opp'n to LTA Mot."), 58 ("Reply ISO LTA Mot.").)[1]  Having fully considered the arguments of the parties, and for the reasons set forth below, the Court **GRANTS** CAH's Motion for Leave to Amend, and **GRANTS IN PART AND DENIES IN PART** CAH's Administrative Motion.[2]

## I.  MOTION FOR LEAVE TO AMEND

Federal Rule of Civil Procedure 15 counsels that leave to amend should be granted "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "This policy is to be applied with extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted).  "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'"  *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Of these so-called *Foman* factors, prejudice is the weightiest and most important.  *Eminence Capital*, 316 F.3d at 1052.  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  *Id.* (emphasis in original).  "The party opposing amendment bears the burden of showing prejudice."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Here, defendants do not even attempt to show prejudice.  Rather, they contend that CAH has unduly delayed and sought amendment with dilatory motive and bad faith.  (Opp'n to LTA Mot.

---

[1] Counsel for Plaintiff, David C. Lee, submitted declarations in support of both pending motions. (Dkt. Nos. 45 ("Lee Decl. ISO LTA Mot."), 49 ("Lee Decl. ISO Admin. Mot.").)  Counsel for Defendants, On Lu, submitted a declaration in support of the Opposition to the LTA Motion.  (Dkt. No. 57 ("Lu Decl.").)

[2] The Court vacated oral argument on the Motion for Leave to Amend pursuant to Civil Local Rule 7-1(b).  (Dkt. No. 60.)

2

at 2 (undue delay), 5 (dilatory motive).)  They contend that CAH was, or should have been, aware all along of Chen's involvement in the case, and that CAH has "elect[ed]" not to seek amendment earlier.  (*Id.* at 1.)  According to defendants, public records, purportedly available prior to CAH's filing of the complaint, identify Chen as the service agent for defendant Kratonix, Inc.[3]  Further, defendants represent that, on April 2, 2013, they produced certain documents purporting to show that Chen's name appeared on emails and shipping labels associated with Kratonix, whom defendants characterize as a mere shipper of accused products.  (Lu Decl. ¶ 2; Exs. A at 1, B at 2.)  On the same day, defendants offered to permit CAH to take a pre-discovery deposition of Kratonix and defendant Yang Shao, which offer CAH refused.[4]  (Lu Decl. ¶ 3, Exs. A at 1, B at 2.)  On April 17, 2013, defendants purportedly produced certain documents showing that Chen purchased 201 units of the Cards Against Humanity game—that is, made 201 apparently lawful purchases of CAH's authorized product.  (*See* Lu Decl. ¶ 4.)  On August 21, 2013, defendants served their initial disclosures, which identified Chen as President of Kratonix.  (Lu Decl. ¶ 5.)  On August 23, 2013, defendants purportedly informed CAH that Chen would attend court-ordered mediation as the representative for Kratonix.  (Lu Decl. ¶ 6.)  On September 19, 2013, at mediation, Chen purportedly invited CAH's representative to meet privately to try to resolve the dispute.  (Lu Decl. ¶ 7.)

Defendants' showing is unpersuasive.  It demonstrates, at most, that CAH could have known that Chen was the service agent for and president of Kratonix.  However, as CAH aptly notes (Reply ISO LTA Mot. at 4, 4 n.1), under California law Chen's acts in his corporate capacity do not automatically render him liable in his *individual* capacity.  *See*, *e.g.*, *United States Liab. Ins. Co. v.*

---

[3] The Court, pursuant to Federal Rule of Evidence 201, takes judicial notice of the business entity search result cited by Defendants, despite Defendants having neglected to request that the Court do so.  *See* Business Search, California Secretary of State, *available at* http://kepler.sos.ca.gov/.  The Court, however, only takes judicial notice of the fact that the Secretary of State's website *now* shows Chen as the service agent for Kratonix—not, as Defendants imply, that it so identified Chen before CAH filed its complaint.

[4] Defendants, bafflingly, characterize their counsel's email as offering *Chen* for deposition, rather than Yang Shao.  Chen, however, is not mentioned in the email.  Defendants are reminded of their Rule 11 obligation to conduct an inquiry reasonable under the circumstances before representing facts to the Court.

3

*Haidinger-Hayes, Inc.*, 1 Cal. 3d 586, 595 (1970) ("Directors or officers of a corporation do not incur personal liability for torts of the corporation merely by reason of their official position, unless they participate in the wrong or authorize or direct that it be done[.]").  Defendants have shown merely that CAH could have known that Chen was a corporate officer or agent of Kratonix.  That is not enough to demonstrate that CAH should have known all along to name Chen as an individual defendant, but sat on its hands and now seeks amendment as a pretext to gain an extension of trial dates (which extension, as set forth below, the Court is not inclined to grant at this time regardless).  The record before the Court just as readily suggests that CAH waited to seek amendment until it had a sound basis for doing so under Rule 11.  Defendants' showing is therefore equivocal, not the "strong showing" of undue delay or dilatory motive required by *Foman*.  Accordingly, CAH's Motion for Leave to Amend is **GRANTED**.

## II.    ADMINISTRATIVE MOTION

On July 25, 2013, the Court entered a pretrial scheduling order which, among other things, set the deadline to amend pleadings in this case for August 31, 2013.  (Dkt. No. 30 ("Pretrial Scheduling Order").)  CAH filed its Motion for Leave to Amend on December 9, 2013.  Accordingly, CAH must not only obtain leave of the Court to file an amended pleading, but also must seek relief from the amendment deadline set forth in the Pretrial Scheduling Order.  *See* Fed. R. Civ. P. 16; *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).  In the posture of this case, CAH's requisite showing is one of "good cause."  *See Johnson*, 975 F.2d at 608.  As the *Johnson* court explained:

> A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under Rule 15.  Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension.  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.  Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end.

*Id.* at 609 (internal quotation marks, ellipses, and citations omitted).

Here, CAH has shown good cause sufficient to modify the deadline for amendment of pleadings and may amend its pleading to add Chen as a defendant, but CAH has not shown good cause to support its requested two-month continuance of all other dates.  CAH proffers evidence that it only discovered facts implicating Chen in his individual capacity as a result of document production from third party Amazon.com, LLC ("Amazon"), and only obtained enough information to support naming Chen as a defendant on December 5, 2013.  (Lee Decl. ISO Admin. Mot. ¶¶ 3-9.)  CAH sought a stipulation on December 6, 2013, and, when defendants did not respond, filed the instant motions on December 9, 2013.  (Lee Decl. ISO Admin. Mot. ¶¶ 10-11.)  Defendants do not dispute the timeline set forth by CAH; rather, as set forth above, they contend that CAH could have known of Chen's involvement all along.  The Court has already explained why that position is unavailing.  Nothing in the record suggests that CAH could or should have surmised Chen's alleged individual liability before the Court's August 31, 2013 amendment deadline, or that it was careless in seeking out the information it ultimately obtained from Amazon.  Rather, the record before the Court shows that CAH exercised reasonable diligence.  Defendants make no claim of prejudice.  Accordingly, the Court **GRANTS** CAH's Administrative Motion to the extent that it seeks relief from the Pretrial Scheduling Order's deadline to amend pleadings.  The Court **CONTINUES** the deadline for CAH to amend its complaint to January 17, 2014.  CAH shall file its First Amended Complaint no later than that date.

The Court, however, **DENIES** CAH's Administrative Motion to the extent that it seeks a blanket two-month extension of pretrial deadlines, as well as a two-month continuance of the trial date set in this matter.  CAH has made no specific showing as to why it cannot complete fact discovery by the February 7, 2014 deadline.  CAH represents that it requires an extension of fact discovery because, during a December 6, 2013 phone conversation with defense counsel, it learned for the first time that "Defendants continue to actively sell unauthorized CAH-branded goods they have purchased in China to consumers in 10 or more different countries (outside of the United States)."  (Lee Decl. ISO Admin. Mot. ¶ 10.)  CAH argues that this "clearly results in a significant need for further discovery."  That may be true, but CAH makes no showing as to why the time allotted for further discovery—nearly two months when CAH filed its Administrative Motion—

would not suffice. Under the applicable standard, CAH bears the burden of making an affirmative showing why the time allotted under the Court's Pretrial Scheduling Order is inadequate. *Johnson*, 975 F.2d at 609. It has not done so with respect to the fact discovery cutoff. Further, in the absence of good cause to extend the fact discovery cutoff date, the Court perceives no reason to extend later deadlines, which are keyed to the fact discovery cutoff date. Accordingly, the Court **DENIES** the Administrative Motion to the extent that it seeks to modify the dates set forth in the Pretrial Scheduling Order, except, as set forth above, the deadline to amend pleadings. This denial is **WITHOUT PREJUDICE** to a later motion supported by the *specific* showing of inability to meet extant deadlines required by *Johnson*.

### III. CONCLUSION

For the foregoing reasons, the Motion for Leave to File a First Amended Complaint of Plaintiff Cards Against Humanity LLC is **GRANTED**. Plaintiff's Motion for Administrative Relief Continuing Pretrial Deadlines is **GRANTED IN PART AND DENIED IN PART**. The Court **CONTINUES** Plaintiff's deadline to file an amended pleading to **January 17, 2014**. All other dates set forth in the Court's Order of July 25, 2013, remain undisturbed.

This Order terminates Docket Nos. 44 and 48.

**IT IS SO ORDERED**.

Date: January 13, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**