DAVID C. LEE (SBN 193743)
ILSE C. SCOTT (SBN 233433)
**MICHELMAN & ROBINSON, LLP**
455 Market Street, Suite 1420
San Francisco, California 94105
Telephone: (415) 882-7770
Facsimile: (415) 882-1570
dlee@mrllp.com; iscott@mrllp.com

ELEANOR M. LACKMAN (NYBN 4219598), *Pro Hac Vice*
**COWAN, DeBAETS, ABRAHAMS & SHEPPARD LLP**
41 Madison Avenue, 34th Floor
New York, New York 10010
Telephone: (212) 974-7474
Facsimile: (212) 874-7474
elackman@cdas.com

Attorneys for Plaintiff CARDS AGAINST HUMANITY, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND**

| | |
|---|---|
| CARDS AGAINST HUMANITY, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>LOFTEK TECHNOLOGICAL CO., LLC, a California limited liability company; KRATONIX, INC., a California corporation; LOFTKEY TECHNOLOGICAL CO., LLC, a California limited liability company; YANG SHAO, an individual; TROY JAMES NOWAK, an individual, SHENGKAI ("SCOTT") CHEN, and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 13-CV-00727-YGR<br><br>**FIRST AMENDED COMPLAINT FOR FEDERAL COPYRIGHT INFRINGEMENT; COMMON LAW TRADEMARK INFRINGEMENT; AND UNFAIR BUSINESS PRACTICES (B&P §17200)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff CARDS AGAINST HUMANITY, LLC, as and for its complaint against defendants LOFTEK TECHNOLOGICAL CO., LLC, KRATONIX, INC., LOFTKEY TECHNOLOGICAL CO., LLC, YANG SHAO, TROY JAMES NOWAK, SHENGKAI ("SCOTT") CHEN, and DOES 1-50, alleges as follows:

1.

FIRST AMENDED COMPLAINT FOR FEDERAL COPYRIGHT INFRINGEMENT - CASE NO. 13-CV-00727-YGR

(16612)

## JURISDICTION AND VENUE

1. This Court has original jurisdiction of this action under 28 U.S.C. §§1331 and 1338 in that the claims herein arise under federal copyright law (17 U.S.C. §101 et seq.). This Court has jurisdiction over the related state claims under 28 U.S.C. §1367(a).

2. This district is the proper venue for this action, as a substantial part of the events and omissions giving rise to the claims herein occurred in this district, and all defendants are subject to personal jurisdiction in this district.

## THE PARTIES

3. Plaintiff Cards Against Humanity, LLC ("CAH') is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Philadelphia, Pennsylvania.

4. CAH is informed and believes and thereon alleges that Defendant Loftek Technological Co., LLC ("Loftek") is a California limited liability company organized and existing under the laws of the State of California, with its principal places of business in San Francisco, California. CAH is further informed and believes and thereon alleges that Loftek is qualified to do business, and is doing business, in this judicial district.

5. CAH is informed and believes and thereon alleges that Defendant Kratonix, Inc. ("Kratonix") is a California corporation organized and existing under the laws of the State of California, with its principal places of business in Fremont, California. CAH is further informed and believes and thereon alleges that Kratonix is qualified to do business, and is doing business, in this judicial district.

6. CAH is informed and believes and thereon alleges that Defendant Yang Shao ("Shao"), an individual, is a citizen of the State of California, residing at 46710 Crawford Street, Apt. 18, Fremont, California. CAH is further informed and believes and thereon alleges that Mr. Shao does business as "SourcingDirect."

7. CAH is informed and believes and thereon alleges that Defendant Loftkey Technological Co., LLC ("Loftkey") is a California limited liability company organized and

existing under the laws of the State of California, with its principal places of business in Newark, California. CAH is further informed and believes and thereon alleges that Loftkey is qualified to do business, and is doing business, in this judicial district.

8. CAH is informed and believes and thereon alleges that Defendant Troy Nowak ("Nowak"), an individual, is a citizen of the State of California, residing at 1127 Roycott Way, San Jose, California. CAH is further informed and believes and thereon alleges that Mr. Nowak is the owner of Loftkey, and at all pertinent times was, and continues, to do business as "SourcingDirect" and "Loftek."

9. CAH is informed and believes and thereon alleges that Defendant Shengkai ("Scott") Chen ("Chen"), an individual, is a citizen of the State of California, residing at 1397 Pine Lake Court, San Jose, California. CAH is further informed and believes and thereon alleges that Mr. Chen is the owner of Defendant Kratonix, which at all pertinent times was, and continues, to do business at 37600 Central Court, Suite 250H, Newark, CA.

10. CAH is unaware of the true names and capacities of defendants named herein as Does 1 through 50, inclusive, but is informed and believes and thereon alleges that each of the fictitiously named defendants engaged in, or is in some manner responsible for, the wrongful conduct alleged herein. CAH therefore sues these defendants by such fictitious names and will amend this complaint to state their true names and capacities when such names have been discovered. (Collectively, Loftek, Kratonix, Shao, Nowak, Chen and Loftkey, and Does 1 through 50 will be referred to herein as "Defendants".)

11. CAH is informed and believes and thereon alleges that each of the Defendants has advertised, sold and/or distributed their infringing goods in this judicial district.

## GENERAL ALLEGATIONS

### CAH's Copyrights and Trademark

12. Since December 2009, CAH has designed, manufactured, marketed, and sold a highly successful card game titled, "Cards Against Humanity," and related expansions by the same name (the "Game"). Over the years that CAH has been in existence, it and its products

have gained national and international renown and reputation within the gaming industry. CAH is an acknowledged industry leader, recognized for its quality, ingenuity, and creativity. CAH sells the Game to U.S. consumers virtually exclusively on Amazon® (*www.amazon.com*), an e-commerce global marketplace leader. Sales to Canadian consumers occur through Shopify (*www.shopify.com*).

13. CAH has created and is the exclusive owner of copyrights for original works used in connection with the Game, including the following card sets: (i) "Cards Against Humanity" registered with the Copyright Office effective February 13, 2012 (Registration No. X0007492177); (ii) "Cards Against Humanity: First Expansion" registered with the Copyright Office effective February 13, 2012 (Registration No. TX0007490900); (iii) "Cards Against Humanity: Second Expansion" registered with the Copyright Office effective November 16, 2012 (Registration No. TX0007624700); (iv) "Cards Against Humanity, version 1.1" registered with the Copyright Office effective February 13, 2012 (Registration No. TX0007497922); (v) "Cards Against Humanity, version 1.2" registered with the Copyright Office effective June 8, 2012 (Registration No. TX0007554802); and (vi) "Cards Against Humanity, version 1.3" registered with the Copyright Office effective November 16, 2012 (Registration No. TX0007624693) (hereinafter, collectively the "Copyrighted Works".) True and correct copies of the registration certifications for the Copyrighted Works are appended hereto collectively as Exhibit A, which are incorporated herein by reference.

14. Continuously since December 2009, CAH has used the trademark, CARDS AGAINST HUMANITY (the "Mark"), in order to distinguish its Game from those offered by others. CAH has also (continuously since December 2009) used the Mark in connection with its Copyrighted Works, which have been, and continue to be, extensively sold throughout the United States and internationally. CAH has extensively promoted, advertised, and used the Mark at tradeshows, point of purchase display materials, and on its website, *www.cardsagainsthumanity.com* (which links prospective purchasers directly to CAH's Amazon® page). The Mark is also used by CAH as its business name, and therefore functions

4.

as both a trademark and a trade name. CAH has pending applications for federal registration of multiple marks including, CARDS AGAINST HUMANITY and A PARTY GAME FOR HORRIBLE PEOPLE (a slogan incorporated into the Game's branding and packaging).

15. As a result of CAH's promotional efforts and dedication to providing quality products, CAH's Mark is favorably recognized and relied upon by the relevant consuming public as indicating high quality goods originating exclusively from CAH. Thus, due to such efforts, CAH's Mark and Copyrighted Works have earned valuable goodwill.

16. CAH's Game has become an Internet phenomenon with an audience of millions, resulting in millions of dollars in revenues. Specifically, the Game has been recognized and promoted by Amazon® as the "#1 Best Seller" game sold in its storefront, featured in leading game-related guides, including Kotaku (*www.kotaku.com*), and also reviewed and heralded in multiple publications and on popular internet sites, including but not limited to, the Huffington Post (*www.huffingtonpost.com*), Thrillist (*www.thrillist.com*), and BoingBoing (*www.boingboing.com*). As a result, CAH's Copyrighted Works and its Mark have thus become, and are, valuable assets of CAH.

### Defendants' Counterfeit Knockoffs

17. CAH is informed and believes, and thereon alleges, that Defendants, having recognized the consumer awareness and goodwill associated with CAH's Copyrighted Works and Mark, have conspired to usurp that goodwill for themselves, by designing, manufacturing, marketing and/or selling counterfeit versions of the Game that blatantly infringe upon CAH's Copyrighted Works and Mark without the permission or knowledge of CAH.

18. Examples of the counterfeit products designed, manufactured, marketed and/or sold by Defendants that infringe CAH's Copyrighted Works and Mark are depicted in Exhibits B and C, which exhibits are incorporated herein by reference.

19. CAH is informed and believes, and thereon alleges, that Defendants designed, manufactured, marketed, and/or sold their counterfeit products with the intent to infringe upon CAH's Copyrighted Works and Mark.

20. Specifically, since at least October 2012, Defendants have jointly engaged in activities to manufacture (directly or indirectly) the counterfeit products, and to market and sell them through e-commerce storefronts in direct competition with CAH, particularly during periods when CAH's official Game is out of stock and scarce, and Defendants can exploit customer demand by charging higher purchase prices ($40.00-$50.00 per game, as opposed to CAH's regular sales price of $25.00). CAH is informed and believes and thereon alleges that Defendants Loftek, Nowak, and Shao (doing business as SourcingDirect and Loftek) have maintained Amazon® storefronts that advertise and sell Defendants' counterfeit Games (fake products manufactured by a Chinese company known as Shenzhen Loftk E-Commerce Co., Ltd.). CAH further is informed and believes and thereon alleges that Defendants Nowak, Kratonix, Chen, and Loftkey also sell counterfeit Games on secondary markets, including but not limited to, eBay (*www.ebay.com*), under multiple seller account handles (e.g., *atari1055* and *eclub2011*), and further fulfill bulk orders of counterfeit products for SourcingDirect. CAH is further informed and believes and thereon alleges that Defendants collectively own and maintain multiple internet domain sites utilized in their joint counterfeiting activities, including but not limited to, *www.loftek.us* and *www.lktown.com*.

21. CAH has further discovered that on or about January 31, 2012, Defendant Loftkey obtained a trademark registration for the mark LOFTEK; the same "seller" name used by Defendants to sell counterfeit Games on Amazon®, and used as the second-level domain on Defendants' *www.loftek.us* web address used to sell bulk orders of their counterfeit Game. Defendant Loftkey assigned the LOFTEK mark to an individual, Shu Ming Luo, whose registered address is identical to Defendant Loftkey's principal place of business (37600 Central Court, Suite 250H, Newark, California).

22. CAH is informed and believes and thereon alleges that each of the Defendants has received a direct financial benefit from marketing and selling the counterfeit products that incorporate CAH's Copyrighted Works and Mark, in an amount that is unknown to CAH. To date, CAH has discovered that Defendants have sold a minimum of 1,870 counterfeit versions

of the Game through their Amazon® storefronts (earning ill-gotten profits in excess of $75,000), and suspect that numerous other as-yet discovered sales have occurred.

23. CAH is informed and believes and thereon alleges that Defendants' marketing, sale, and distribution of the counterfeit products has damaged CAH in that CAH has lost sales and profits.

24. CAH is informed and believes and thereon alleges that Defendants' counterfeit products are inferior in quality to CAH's products, and consumers who have purchased Defendants' products, and believe those products to be CAH's, have been disappointed by the quality of those products. As a result, Defendants' marketing, sale, and distribution of their fake products have damaged and will continue to damage CAH's reputation and goodwill.

25. Defendants' acts have caused and will continue to cause irreparable harm and injury to CAH for which CAH has no adequate remedy at law. Accordingly, Defendants should be enjoined and restrained during the pendency of this action and permanently hereafter from directly or indirectly manufacturing, distributing, importing, exporting, advertising, offering for sale or selling any products that infringe upon CAH's Copyrighted Works or Mark. CAH is therefore entitled to a preliminary and permanent injunction against Defendants' continuing acts of infringement. CAH is further entitled to an order impounding and destroying all infringing products in Defendants' possession, custody or control, or in the possession, custody or control of third parties, including but not limited to, Amazon®.

## FIRST CLAIM FOR RELIEF

### (Against all Defendants for Copyright Infringement)

26. CAH realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 24 of the Complaint with the same force and effect as if fully set forth at length herein.

27. CAH has complied in all respects with the copyright laws of the United States, 17 U.S.C. §101 et seq., and has secured the exclusive rights and privileges in and to the Copyrighted Works.

28. Defendants had access to CAH's Copyrighted Works, as established by, among other things, the accessibility of CAH's Game in the public marketplace, including downloadable versions available on CAH's domain site (which is made available subject to a Creative Commons license for non-commercial use only), the widespread coverage of the Game in media and industry publications, and the fact that CAH's products are prominently featured and sold on Amazon®, one of the world's largest e-commerce marketplaces.

29. Defendants have infringed the copyrights in the Copyrighted Works by making counterfeit versions of CAH's Copyrighted Works, and marketing and selling those fake products to consumers without CAH's permission.

30. CAH has demanded that Defendants cease and desist their counterfeiting activities, and among other demands, to provide an accounting of the profits earned from the sale of those counterfeit products. Despite notification of CAH's rights, Defendants have refused to comply with CAH's requests.

31. As established by the above-alleged facts, Defendants have infringed the Copyrighted Works willfully through their sophisticated and systematic counterfeiting activities.

32. By virtue of Defendants' willful infringement, CAH is entitled to statutory damages or to its actual damages and Defendants' profits, whichever are higher, against Defendants and each of them. CAH will elect whether or not to seek statutory damages prior to final judgment. CAH is also entitled to attorney's fees and costs by virtue of Defendants' infringement.

33. Defendants' acts have caused and will continue to cause irreparable harm and injury to CAH for which CAH has no adequate remedy at law. Accordingly, Defendants should be enjoined and restrained during the pendency of this action and permanently hereafter from directly or indirectly manufacturing, distributing, importing, exporting, advertising, offering for sale or selling any products that infringe upon CAH's Copyrighted Works. CAH is therefore entitled to a preliminary and permanent injunction against Defendants' continuing acts of infringement. CAH is further entitled to an order impounding and destroying all infringing

products in Defendants' possession, custody or control, or in the possession, custody or control of third parties, including but not limited to, Amazon®.

## SECOND CLAIM FOR RELIEF

### (Against all Defendants for Common Law Trademark Infringement)

34. CAH realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 32 of the Complaint with the same force and effect as if fully set forth at length herein.

35. The unauthorized use of CAH's trademark, CARDS AGAINST HUMANITY, or any colorable imitation of it on the counterfeit products manufactured and sold by Defendants, is likely to cause mistake, or confuse or deceive the general public.

36. The unauthorized use of the Mark by Defendants constitutes a knowing and willful passing off of the counterfeit products manufactured and sold by Defendants, for those of CAH, and is a deception of citizens of the State of California and throughout the United States.

37. The actions of the Defendants constitute an infringement of CAH's senior common law rights in the mark CARDS AGAINST HUMANITY by reason of Defendants' unlicensed and illegal use of that same mark.

38. Defendants' acts have caused and will continue to cause irreparable harm and injury to CAH for which CAH has no adequate remedy at law. Accordingly, Defendants should be enjoined and restrained during the pendency of this action and permanently hereafter from directly or indirectly manufacturing, distributing, importing, exporting, advertising, offering for sale or selling any products that infringe upon CAH's Mark. CAH is therefore entitled to a preliminary and permanent injunction against Defendants' continuing acts of infringement. CAH is further entitled to an order impounding and destroying all infringing products in Defendants' possession, custody or control, or in the possession, custody or control of third parties, including but not limited to, Amazon®.

## THIRD CLAIM FOR RELIEF

### (Against all Defendants for Unfair Business Practices in Violation of California Business & Professions Code §17200)

39. CAH realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 37 of the Complaint with the same force and effect as if fully set forth at length herein.

40. CAH is informed and believes and thereon alleges that Defendants have jointly engaged in activities to manufacture (directly or indirectly), market, and/or sell their counterfeit products with the intent to infringe upon CAH's Copyrighted Works and Mark. Specifically, Defendants have engaged in a conspiracy to manufacture (directly or indirectly) the counterfeit products, and to market and sell them at through e-commerce storefronts in direct competition with CAH, particularly during periods when CAH's official Game is out of stock and scarce, and Defendants can exploit customer demand by charging higher purchase prices ($40.00-$50.00 per game, as opposed to CAH's regular sales price of $25.00). CAH is informed and believes and thereon alleges that Defendants Loftek, Nowak, and Shao (doing business as SourcingDirect and Loftek) have maintained Amazon® storefronts that advertise and sell Defendants' counterfeit Games. CAH further is informed and believes and thereon alleges that Defendants Nowak, Kratonix, Chen, and Loftkey also sell counterfeit Games on secondary markets, including but not limited to, eBay (*www.ebay.com*), under multiple seller account handles (e.g., *atari1055* and *eclub2011*), and further fulfill bulk orders of counterfeit products for SourcingDirect. CAH is further informed and believes and thereon alleges that Defendants collectively own and maintain multiple internet domain sites utilized in their joint counterfeiting activities, including but not limited to, *www.loftek.us* and *www.lktown.com*.

41. CAH has further discovered that on or about January 31, 2012, Defendant Loftkey obtained a trademark registration for the mark LOFTEK; the same "seller" name used by Defendants to sell counterfeit Games on Amazon®, and used as the second-level domain on Defendants' *www.loftek.us* web address used to sell bulk orders of their counterfeit Game.

Defendant Loftkey assigned the LOFTEK mark to an individual, Shu Ming Luo, whose registered address is identical to Defendant Loftkey's principal place of business (37600 Central Court, Suite 250H, Newark, California).

42. CAH is informed and believes and thereon alleges that each of the Defendants has received a direct financial benefit from marketing and selling the counterfeit products that incorporate CAH's Copyrighted Works and Mark in an amount that is unknown to CAH. To date, CAH has discovered that Defendants have sold a minimum of 1,870 counterfeit versions of the Game through their Amazon® storefronts, and suspect that numerous other as-yet discovered sales have occurred.

43. Defendants' activities in manufacturing and selling counterfeit versions of the Game that incorporate wholesale rip-offs of CAH's Copyrighted Works and Mark constitute unfair business practices, particularly as Defendants are selling their counterfeit products in direct competition with CAH on the same e-commerce storefronts, including but not limited to, Amazon®, during periods when CAH's official Game is out of stock and scarce, and Defendants can exploit customer demand by charging higher purchase prices ($40.00-$50.00 per game, as opposed to CAH's regular sales price of $25.00).

44. These unfair business practices by Defendants have caused and are continuing to cause irreparable injury to the reputation CAH has established. CAH is informed and believes and thereon alleges that Defendants' marketing, sale, and distribution of the counterfeit products has damaged CAH in that CAH has lost sales and profits. CAH is therefore is entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits that may have been obtained by Defendants arising from their unfair business practices.

45. Unless Defendants' unfair business practices of illegally counterfeiting CAH's Copyrighted Works and Mark is restrained, Defendants will continue these acts to the detriment of CAH.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief against Defendants as follows:

1. For preliminary and permanent injunctions enjoining and restraining Defendants, their agents, employees, representatives, partners, joint venturers and/or anyone acting on behalf of, or in concert with, Defendants, or any of them, from designing, manufacturing, importing, shipping, delivering, selling, marketing, displaying, advertising or promoting any products that incorporate texts or marks identical or substantially similar to CAH's Copyrighted Works and Mark;

2. For an order requiring the impoundment or destruction of all of Defendants' infringing goods and all marketing, advertising, or promotional materials depicting Defendants' infringing goods;

3. For an accounting of all profits obtained by Defendants from sales of the infringing goods and an order that Defendants hold all such profits in a constructive trust for the benefit of CAH;

4. For an award to CAH of all profits earned by Defendants from the sale of infringing goods;

5. For statutory damages according to proof, but in an amount no less than $600,000;

6. For compensatory damages according to proof;

7. For exemplary and multiple damages according to proof;

8. For prejudgment interest on all damages awarded by this Court;

9. For an award of attorney's fees;

10. For costs of suit incurred herein; and

11. For such other and further relief as the Court deems just and proper.

12.

FIRST AMENDED COMPLAINT FOR FEDERAL COPYRIGHT INFRINGEMENT - CASE NO. 13-CV-00727-YGR

(16612)

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: January 17, 2014

MICHELMAN & ROBINSON, LLP

By _____
DAVID C. LEE
ILSE C. SCOTT
*Attorneys for Plaintiff CARDS AGAINST HUMANITY, LLC*